UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIN LECOUR, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) Civil Action File No. _____ |
| v. | ) |
| | ) |
| FLYNN D. BROADY, JR., in his | ) |
| Official capacity as the COBB COUNTY | ) JURY TRIAL DEMANDED |
| DISTRICT ATTORNEY D/B/A COBB | ) |
| COUNTY DISTRICT ATTORNEY'S | ) |
| | ) |
|    Defendant. | ) |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Erin LeCour files this Complaint for Equitable Relief and Damages against Defendant Flynn D. Broady, Jr. in his official capacity as the Cobb County District Attorney, d/b/a, the Cobb County District Attorney's ("CDAO") Office showing the Court as follows:

### INTRODUCTION

1. This is an action for declaratory and injunctive relief and for compensatory damages for gender discrimination in employment brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII).

2. Ms. LeCour seeks injunctive and equitable relief, back pay and lost benefits, front pay or reinstatement, compensatory damages, attorney's fees, and costs for Defendant's violations.

## JURISDICTION AND VENUE

3. Plaintiff brings this action pursuant to Title VII.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

5. Venue is proper in this district and division under 28 U.S.C. § 1391(b), because the Defendant resides in the Northern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## Exhaustion of Administrative Remedies

6. On October 29, 2019, Ms. LeCour timely filed a charge of discrimination – Charge No. 410-2020-00869 – with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

7. Ms. LeCour received a Notice of Right to Sue on February 25, 2021 dated February 19, 2021.

8. Ms. LeCour brings this suit within ninety (90) days of receiving the Notice of Right to Sue.

## PARTIES

9. Plaintiff Erin LeCour is a citizen of the United States, a resident of the State of Georgia, and submits herself to the jurisdiction of this Court.

10. At all times relevant, Plaintiff was an "employee" within the meaning of Title VII.

11. CDAO is a government employer organized under the laws of the state of Georgia and has employed more than fifteen persons for each working day in each of twenty calendar weeks in the current or preceding calendar year.

12. CDAO is an "employer" within the meaning of Title VII.

13. CDAO may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure by serving District Attorney Flynn D. Broady, Jr., 70 Haynes Street, Marietta, Georgia 30090.

## STATEMENT OF FACTS

14. Ms. LeCour began employment with the Cobb County District Attorney's Office in October 2014 as a Criminal Investigator.

15. District Attorney, Vic Reynolds hired Ms. LeCour.

16. Immediately upon hire, Chief Investigator Bob Tressel, Ms. LeCour's supervisor, told Ms. LeCour that she was "Vic's pick," and that he did not think his unit needed anymore female employees.

17. Chief Tressel later made comments like, "I don't think we need any more split tail in this unit," and that there was enough estrogen in the unit."

18. These derogatory comments were made throughout Ms. LeCour's employment with CDAO.

19. Supervisor Glenda Roberts and Investigator Tammy Fondas told Ms. LeCour they had also heard Chief Tressel make sexist remarks.

20. Chief Tressel discriminated against female employees when doing case assignments including, but not limited to, assigning two active cases to Nick Conor, a male, in addition to his courtrooms while Glenda Roberts, a female, was assigned two courtrooms and an active case load of over ninety cases.

21. When a supervisory position became open in the Investigation Unit, Chief Tressel did not interview anyone for the position but "promoted" a lesser qualified male supervisor for the position.

22. Men were given first priority for take home vehicles over women in the unit.

23. During Chief Tressel's time with CDAO, every employee hired after Ms. LeCour was a man.

24. In fact, Chief Tressel never hired a woman but, rather, hired five men to fill five open positions.

25. To get away from this hostile environment, Ms. LeCour requested transfers four times, in writing, but her requests were never addressed.

26. Ms. LeCour recommend hiring three different qualified females for open positions and was told by Chief Tressel there was "enough estrogen" in the unit and he did not want anymore "split tail in the unit."

27. In February 2019, District Attorney Vic Reynolds resigned.

28. Soon thereafter, on May 8, 2019, Chief Tressel terminated Ms. LeCour for on the pretextual basis that she alleged violated policy.

29. Ms. LeCour did not violate any policy and was terminated for conduct for which her male comparators were not fired.

30. Prior to her termination, Ms. LeCour had not been disciplined or received corrective action.

31. Chief Tressel interviewed two men to replace Ms. LeCour, but ultimately, the decision of who to hire was taken out of Chief Tressel's hands.

## COUNT I
## Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964

32. Ms. LeCour incorporates by reference all the preceding paragraphs of the Complaint.

33. Ms. LeCour is an "employee" as defined by Title VII, 42 § U.S.C. § 2000e *et seq*.

34. Defendant CDAO is an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

35. Defendant CDAO discriminated against Ms. LeCour because of her gender when it terminated her employment.

36. In the alternative, CDAO used gender as a motivating factor when it terminated M. LeCour's employment.

37. The gender discrimination to which CDAO subjected Ms. LeCour is discriminatory in violation of Title VII, thus entitling her to all appropriate relief under the statute.

38. Defendant's actions were willful, deliberate, and intended to cause Ms. LeCour harm, and/or were committed with reckless disregard of the harm caused to Ms. LeCour and were in derogation of her federally protected rights.

39. As a result of Defendant's conduct, Ms. LeCour has suffered lost wages and benefits and has suffered mental and emotional distress.

40. Ms. LeCour was damaged by Defendant's actions in an amount to be proven at trial.

41. Ms. LeCour is entitled to the relief set forth in the prayer for relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. LeCour demands TRIAL BY JURY and that:

a) The Court grant trial by jury;

b) The Court issue a declaratory judgment that Defendant CDAO engaged in unlawful employment practices in violation of Title VII;

c) The Court issue an injunction prohibiting Defendant CDAO from engaging in unlawful employment practices;

d) The Court award full back pay from the date of Ms. LeCour's termination, taking into account all raises to which she would have been entitled but for her unlawful termination, and all fringe and retirement benefits of employment, with prejudgment interest thereon;

e) The Court award front pay or reinstatement to compensate Ms. LeCour for lost future wages and career development and benefits;

f) Ms. LeCour recover compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

g)  The Court award Ms. LeCour reasonable attorney's fees and costs of litigation; and

h)  The Court grant such other and further monetary and equitable relief as the Court deems just and proper.

Respectfully submitted 20th day of May 2021.

**LEGARE, ATTWOOD & WOLFE, LLC**

**Cheryl B. Legare**
Cheryl B. Legare
Georgia Bar No. 038553
ecblegare@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Counsel for Plaintiff